**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| 45 SPIRITS LLC, RICHARD DECICCO, and TIMOTHY KLINTWORTH,<br><br>Plaintiffs,<br>v.<br><br>ZOHAIR SULTAN, SAMEET PATEL, 47 SPIRITS LLC, 47 SPIRITS HOLDINGS LLC, and 47 SPIRITS HOLDINGS MGR LLC,<br><br>Defendants. | Case No. 1:26-cv-04902<br><br>Hon. Jorge L. Alonso |

**DEFENDANTS' SAMEET PATEL, 47 SPIRITS LLC, 47 SPIRITS HOLDINGS LLC, AND 47 SPIRITS HOLDINGS MGR LLC, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

This case does not belong in Illinois. Plaintiffs seek to hale into this Court a Florida resident and three Delaware limited liability companies operated from Mississippi based on an alleged business dispute centered elsewhere—principally in New York, Florida, Delaware, and Mississippi. The alleged real party in interest itself, Plaintiff, is a Delaware limited liability company with a principal place of business in New York, owned by Wyoming limited liability companies. Its alleged Chicago office does not change the jurisdictional analysis, particularly where Plaintiffs do not allege facts showing that any Moving Defendant[1] is at home in Illinois or engaged in suit-related conduct creating a substantial connection with this forum. The complaint must be dismissed for lack of personal jurisdiction.

Plaintiffs bear the burden of establishing personal jurisdiction over each Moving Defendant, and they cannot meet that burden. General jurisdiction is unavailable because none of the Moving Defendants resides in Illinois, is organized in Illinois, is headquartered in Illinois, or has affiliations so continuous and systematic as to render it essentially at home here.

Specific jurisdiction fares no better. Plaintiffs' jurisdictional theory rests on sporadic calls, texts, and emails allegedly involving an Illinois resident; generalized allegations of nationwide online sales; and conclusory assertions that the Moving Defendants "purposefully availed" themselves of Illinois. But personal jurisdiction cannot rest on a plaintiff's residence, a few communications with a forum resident, or untargeted national sales activity. The required inquiry focuses on each defendant's own suit-related contacts with Illinois, and the Complaint alleges none that are sufficient to satisfy due process. To the contrary, the facts plead place the operative conduct outside Illinois.

Nor would exercising jurisdiction be fair or reasonable. Illinois has, at most, an attenuated

---

[1] Sameet Patel ("Mr. Patel"), 47 Spirits LLC, 47 Spirits Holdings LLC, and 47 Spirits Holdings MGR LLC (the "47 Spirits Entities" and, collectively with Mr. Patel, the "Moving Defendants")

connection to this dispute; while the parties, the alleged conduct, and the relevant business dealings point to other fora. Because Plaintiffs have not and cannot establish general jurisdiction, specific jurisdiction, or a constitutionally reasonable basis for litigating against the Moving Defendants in Illinois, the Court should dismiss the Complaint under Rule 12(b)(2) and without leave to amend.[2]

## I. JURISDICTIONAL ALLEGATIONS

The Complaint asserts federal and state-law claims against the Moving Defendants arising from alleged efforts to partner with the Trump Organization in New York to relaunch the Trump Vodka brand. Although Plaintiffs attempt to frame Illinois as a proper forum, their jurisdictional allegations consist principally of conclusory assertions that "[p]ersonal jurisdiction is proper in this District because each Defendant purposefully and voluntarily directed their activities toward the State of Illinois such that each should expect, by virtue of the benefits received, to be subject to this Court's jurisdiction." (ECF 10, ¶24).

Plaintiffs further allege, again in general terms, that Defendants have purposefully availed themselves of the laws of Illinois by, among other things: continuous and systematic contacts with the state of Illinois, purposefully directing communications to an Illinois-based Plaintiff over a sustained period of time; entering into an agreement with an Illinois-based Plaintiff; committing tortious acts in and directed to Illinois; infringing the copyrights of an Illinois-based copyright owner; and advertising and selling infringing products in Illinois stores and online into Illinois." *Id.* These allegations improperly group the defendants together and do not identify suit-related Illinois contacts attributable to each Moving Defendant.

The facts plead confirm the absence of a jurisdictional basis in Illinois. Plaintiffs

[2] Moving Defendants herein move to dismiss based upon lack of jurisdiction without waiver of any right or defense, and expressly reserves all rights and defenses, including but not limited the right to move to dismiss under 12(b)(6).

acknowledge that the Moving Defendants are not "at home" in Illinois (*id.*, at ¶¶30-33), and the specific facts alleged place the operative conduct outside this forum. At most, Plaintiffs rely on communications with one Illinois-based plaintiff, generalized allegations of nationwide sales, and broad assertions of forum-directed conduct. Those allegations do not establish that any Moving Defendant created suit-related contacts with Illinois sufficient to support the exercise of personal jurisdiction consistent with due process and traditional notions of fair play and substantial justice.

## II. LEGAL STANDARD

"It is settled that the plaintiff has the burden to establish a prima facie basis to exercise personal jurisdiction over a nonresident defendant." *Russell v. SNFA*, 2013 IL 113909, ¶28. For claims arising under federal law, Federal Rule of Civil Procedure 4(k)(2) provides that serving a summons establishes personal jurisdiction over a defendant if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2). However, Rule 4(k)(2) is inapplicable where, as here, Moving Defendants are subject to personal jurisdiction in other states. For claims based on state law, a federal court has personal jurisdiction over a non-resident defendant only if a court of the state in which it sits would possess personal jurisdiction. *Charlesworth v. Macro Mfg. Co.*, 878 F. Supp. 1196, 1199 (N.D. Ind. 1995); *see also Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("*Advanced Tactical*") (where federal court's jurisdiction is based on federal question and supplemental jurisdiction, and federal statute does not provide a special federal rule for personal jurisdiction, district court looks to the law of the forum for the governing rule); *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) ("In litigation arising under federal statutes that do not contain their own jurisdictional provisions, such as the Copyright Act under

which suit is brought in the case at bar, federal courts are to apply the personal jurisdiction rules of the forum state, provided those rules are consistent with the requirements of Due Process) (internal citations omitted); *Allstate Insurance Company v. Ameriprise Financial Services, Inc.*, 317 F. Supp. 3d 1006, 1009-11 (N.D. Ill. 2018) (employing traditional personal jurisdiction analysis in case asserting claims under both the Defend Trade Secrets Act and state-law tort claims).

In Illinois, the long-arm statute governs the exercise of personal jurisdiction over a nonresident defendant, which is set out in section 2-209 of the Code of Civil Procedure. 735 ILCS 5/2-209. Subsection (a) sets out different actions by a defendant that will subject him to jurisdiction in Illinois. *Id.* Subsection (c) provides that "[a] court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id.* Thus, "'Illinois courts may assert personal jurisdiction over a nonresident defendant only if the assertion comports with section 2-209 of the Code…and with the due process guarantees of both the Illinois and the United States Constitutions.'" *Cori v. Schlafly*, 2021 IL App (5th) 200246, ¶19 (quoting *Aasonn, LLC v. Delaney*, 2011 IL App (2d) 101125, ¶11); *see also Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (noting that the Illinois long-arm statute permits personal jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment); *Kiegan v. Tiram*, No. 23 C 1398, 2023 WL 12053692, *3 (N.D. Ill. Dec. 19, 2023) (collecting cases holding no operative difference between Illinois and federal constitution for purposes of personal jurisdiction due process inquiry). Due process requires that a nonresident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("*Int'l Shoe*") (quoting *Milliken*

*v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two kinds of personal jurisdiction—general and specific. *See Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). General personal jurisdiction permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.*, domicile); specific jurisdiction "depends on an affiliation between the forum and the underlying controversy (*i.e.*, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Id.* (cleaned up) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("*Goodyear*")). In Illinois federal court, general jurisdiction requires the defendant to have a strong, ongoing connection to Illinois (*e.g.*, residence, business, or service), while specific jurisdiction is based on the particular claims. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). In suits brought against multiple defendants, each must be subject to personal jurisdiction based on their own forum contacts. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980). Due process and fairness are central to both general and specific jurisdiction determinations.

In ruling on a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction consistent with due process. *Advanced Tactical*, 751 F.3d at 799. Plaintiffs have failed to meet their burden here, because they cannot.

## III. **ARGUMENT**

Plaintiffs' claims arise from an alleged business dispute concerning efforts to relaunch the Trump Vodka brand—not from conduct purposefully directed to Illinois. According to the Complaint, Plaintiffs contend that Defendants obtained access to proprietary business plans and bottle-design materials belonging to Plaintiff 45 Spirits, LLC in connection with a proposed venture after Plaintiff Timothy Klintworth solicited Defendant Zohair Sultan regarding a potential

investment opportunity. Plaintiffs then allege that Defendants used that information to pursue a separate arrangement with the Trump Organization for themselves. (*See generally* ECF 10).

To establish jurisdiction in Illinois, Plaintiffs rely on broad assertions that Defendants "purposefully and voluntarily directed their activities toward the State of Illinois" and purposefully availed themselves" of Illinois law through alleged communications with an Illinois-based plaintiff, an alleged oral agreement with that same plaintiff, generalized tort allegations supposedly directed to Illinois, and nationwide advertising and product sales. (*See, e.g., id.* at ¶24). Those allegations do not satisfy Plaintiffs' burden. They rest on the residence of one plaintiff, generalized group pleading, and nationwide commercial activity untethered to the forum-specific contacts required for personal jurisdiction over each Moving Defendant.

The facts plead confirm that Illinois is not the proper jurisdiction because it is, at most, incidental to the instant dispute. The core narrative concerns alleged confidential exchanges, the formation of 47 Spirits entities in Delaware, operations from Mississippi, and dealings with the Trump Organization in New York and Florida culminating in a license issued outside of Illinois. Plaintiffs identify only two telephone calls with Mr. Klintworth when he was allegedly in Illinois in December 2024, and generalized allegations of online sales and some retail availability of Trump Vodka nationally, including in Illinois. Such attenuated contacts do not create a substantial connection between any Moving Defendant, this forum, and the claims asserted. Plaintiffs fail to establish, because they cannot, a connection to this State necessary to support traditional notions of fair play and substantial justice for purposes of subjecting the Moving Defendants to personal jurisdiction in Illinois. Because Plaintiffs have not alleged facts establishing general jurisdiction, specific jurisdiction, or a constitutionally reasonable basis to litigate this dispute in Illinois, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

### A. This Court lacks General Personal Jurisdiction over Each Moving Defendant.

Plaintiffs do not—and cannot—seriously contend that the Court may constitutionally exercise general personal jurisdiction over the Moving Defendants. Only a limited set of affiliations with a forum will render a defendant amenable to general—or all-purpose—jurisdiction there. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("*Daimler*") (internal quotations omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.* (cleaned up); *see also BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) ("*BNSF*") ("The Fourteenth Amendment due process constraint described in *Daimler* . . . applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued."). For non-individual entities, the inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 138-39 (quoting *Goodyear*, 564 U.S. at 919).

#### 1. Mr. Patel is not domiciled in Illinois.

Plaintiffs plead that Mr. Patel "resides in Florida," not Illinois. (ECF 10, ¶30). Plaintiffs do not allege that Mr. Patel has ever consented to personal jurisdiction in Illinois or has any other contacts that would be sufficient to establish general personal jurisdiction. Nor could they. Courts have recognized that, for an individual, domicile remains the paradigm—and ordinarily the only—basis for general jurisdiction. *See, e.g.*, *Kiegan*, 2023 WL 12053692, *4. Because Plaintiffs

affirmatively plead that Mr. Patel is a resident of Florida and they do not allege that he is a citizen or resident of Illinois, Mr. Patel cannot be subject to general personal jurisdiction in this State.

### 2. None of the 47 Spirits Entities are "Essentially at Home" in Illinois.

This Court also lacks general personal jurisdiction over any of the 47 Spirits Entities. The Complaint concedes that each entity is organized under Delaware law and operated from Southaven, Mississippi—not Illinois. *See* ECF 10, ¶31 ("Defendant 47 Spirits LLC was organized under the laws of Delaware on May 20, 2025 … [and] is operated from 5740 Gatewell Rd. #5D, Southaven, MS 38672."); *id*. at ¶32 ("Defendant 47 Spirits Holdings LLC was organized under the laws of Delaware on July 7, 2025 … [and] is operated from 5740 Gatewell Rd. #5D, Southaven, MS 38672."); *id.* at ¶33 ("Defendant 47 Spirits Holdings MGR LLC was organized under the laws of Delaware on July 29, 2025 … [and] is operated from 5740 Gatewell Rd. #5D, Southaven, MS 38672."). Plaintiffs allege no facts showing that any of these entities is organized, headquartered, operated, registered, or otherwise at home in Illinois—because they cannot.

The Supreme Court in *Goodyear* and *Daimler* imposed a demanding standard for general jurisdiction. Except in a truly "exceptional" case, a corporate defendant may be treated as "essentially at home" only where it is incorporated or maintains its principal place of business. Courts in this Circuit have recognized this heightened standard. *See, e.g.*, *Kipp*, 783 F.3d at 698 ("Thus far, the Court has identified only two places where [the 'essentially at home'] condition will be met: the state of the corporation's principal place of business and the state of its incorporation…Any additional candidates would have to meet the stringent criteria laid out in *Goodyear* and *Daimler*.") (internal citation omitted).[3]

[3] The Supreme Court has since found that general personal jurisdiction can exist where a defendant has consented to jurisdiction by registering to do business in a foreign jurisdiction where the registration law explicitly requires the registering out-of-state corporation to permit state courts to exercise general personal jurisdiction over it, just as they can over domestic corporations. *See Mallory v. Norfolk Southern Railway*

The allegations here fall far short of that stringent standard. Even substantial business operations, property ownership, or offices in a forum state do not establish general jurisdiction unless the defendant is fairly regarded as at home there. *See BNSF*, 581 U.S. at 414 (holding that a railway that operated over 2,000 miles of railroad track and employed more than 2,000 employees in forum state not subject to general personal jurisdiction in that state, noting that "'a corporation that operates in many places can scarcely be deemed at home in all of them[]'" (quoting *Daimler*, 571 U.S. at 139, n.20). It is only in an "exceptional case"—such as where a foreign corporation is temporarily relocated to the forum State which then becomes the center of the corporation's activities—that a foreign corporation will be deemed "at home" in a forum outside its place of incorporation or principal place of business. *Daimler*, 571 U.S. 117, 139 n.19 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ("*Perkins*")); *see also BNSF*, 581 U.S. at 414 (confirming that the "at home" standard does not vary with the type of claim asserted or the business enterprise sued). This case does not present an "exceptional case" even remotely comparable to *Perkins*, where wartime relocation made the forum the temporary center of the corporation's activities. The 47 Spirits Entities are Delaware limited liability companies operated from Mississippi, and Plaintiffs allege no facts that would make Illinois their home. This Court lacks general personal jurisdiction over each of the Moving Defendants.

**B. This Court lacks Specific Personal Jurisdiction over Each Moving Defendant.**

The Complaint likewise fails to allege sufficient suit-related Illinois contacts to establish specific personal jurisdiction over Mr. Patel or the 47 Spirit Entities. "Specific jurisdiction requires a showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state…Under specific

*Co.*, 600 U.S. 122, 134-35, 138 (2023). None of the 47 Spirits Entities are registered to do business in Illinois.

jurisdiction, a nonresident defendant may be subjected to a forum state's jurisdiction based on certain 'single or occasional acts' in the state but only with respect to matters related to those acts." *Russell v. SNFA*, 2013 IL 113909, ¶40 (internal citations and quotations omitted). "In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 262 (2017) ("*Bristol-Myers*") (quoting *Daimler,* 571 U.S. at 137) (emphasis added in original). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919). Thus, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (cleaned up).

Specific personal jurisdiction requires Plaintiffs to establish, as to each defendant, that: (1) each defendant purposefully directed his activities at the forum State or purposefully availed himself of the privilege of conducting business in that State, and (2) the alleged injury arises out of each defendant's forum-directed contacts. *Livingston v. Hoffman-La Roche, Inc.*, 293 F. Supp. 3d 760, 767 (N.D. Ill. 2018) (citations omitted). Even if the first two prongs are satisfied, which they are not, Plaintiffs must still show that the exercise of jurisdiction would comport with fair play and substantial justice, *i.e.* it must be reasonable. *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Salano Cty.*, 480 U.S. 102, 113 (1987) ("*Asahi*"). They have not done so.

**1. Mr. Patel did not purposefully direct conduct at Illinois or purposefully avail himself of the privilege of conducting business in this State.**

The Complaint does not allege facts establishing purposeful direction or availment by Mr. Patel. Plaintiffs identify ***only*** two telephone calls in December 2024 during which Plaintiff

Klintworth allegedly participated from his home office in Chicago, Illinois and discussed the potential investment in 45 Spirits. (*See* ECF 10, ¶¶55-58).[4] Those limited communications are insufficient as a matter of due process. Participating in two telephone communications with a forum resident, without more, does not show that Mr. Patel purposefully directed conduct at Illinois or invoked the benefits and protections of Illinois law in connection with a business venture allegedly negotiated, licensed, and performed elsewhere. *See Hanson v. Ahmed*, 382 Ill. App. 3d 941, 945 (1st Dist. 2008) (holding that two telephone calls initiated by an Illinois claims adjuster were "extremely attenuated" contacts insufficient to establish minimum contacts with Illinois). The Complaint simply alleges no Illinois-focused negotiations with Mr. Patel, no Illinois agreements with Mr. Patel, and no Illinois performance by Mr. Patel giving rise to the claims asserted.

Indeed, Plaintiffs admit that it was Plaintiff ***Mr. Klintworth***—not Mr. Patel—who initiated the discussions concerning the potential investment opportunity. *See* ECF 10, at ¶15 ("***Mr. Klintworth first approached Sultan*** about investing in 45 Spirits in December 2024, during the company's final fundraising push…"); *see also id.* at ¶55 ("In December 2024, ***Mr. Klintworth approached Sultan*** as a friend, ***offering him an opportunity to invest in 45 Spirits*** at the ground floor…"). The minimum contacts necessary to create specific personal jurisdiction "must arise out of contacts that the 'defendant ***himself***,' creates with the forum State." *Walden*, 571 U.S. at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The minimum contacts

[4] Plaintiffs allege additional calls, emails and text messages between Plaintiff Klintworth and Mr. Sultan in May and June of 2025 (*see, e.g.*, ECF 10, ¶¶63-71). Plaintiffs do ***not*** allege that Mr. Patel participated in those subsequent communications. Nor could they. But even if they could, such limited communications would not change the jurisdictional analysis. *See Clemens v. Greenberg*, 2022 IL App (1st) 201129, ¶40 ("Due process requires that a defendant be subjected to proceedings in the forum state based on his own affiliation state and not based on random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.").

analysis "looks to the defendants contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285 (citing *Int'l Shoe*, 326 U.S. at 319); *see also Advanced Tactical*, 751 F.3d at 801 ("The mere fact that [defendant's] conduct affected plaintiffs with connections to the forum state does not suffice to authorize jurisdiction…[and] contacts between the plaintiff or other third parties and the forum do not satisfy [minimum contacts].") (citations omitted). Plaintiffs cannot convert their own forum connection into jurisdiction over Mr. Patel.

Accordingly, Mr. Patel's alleged participation in two plaintiff-initiated calls concerning a non-Illinois venture cannot establish purposeful direction, purposeful availment, or a substantial connection between Mr. Patel, Illinois, and the claims asserted. Specific jurisdiction over Mr. Patel is therefore unavailable.

**2. Plaintiffs Fail to Allege Defendant-Specific Facts Establishing Purposeful Availment of Illinois Law by the 47 Spirits Defendants.**

The Complaint also fails to allege facts sufficient to show the 47 Spirits entities purposefully availed themselves of Illinois in connection with Plaintiffs' claims. The alleged misconduct centered outside Illinois. Plaintiffs tie the formation and operation of the 47 Spirits entities to Delaware and Mississippi, and they place the alleged dealings with the Trump Organization outside Illinois—in New York and Florida. The 47 Spirits Defendants organized under Delaware law between May 20, 2025 and July 29, 2025. (ECF 10, at ¶31-33). Plaintiffs allege the 47 Spirits entities are all operated from Southaven, Mississippi. (*Id.*). Plaintiffs attribute key events to interactions with the Trump Organization's personnel outside Illinois, including Mar-a-Lago and Bedminster meetings (ECF 10, at ¶¶38, 49), and the Trump Organization's counsel's call stating the license would proceed with another group. (*Id.* at ¶72) The alleged appropriation of a license and rollout decisions occurred with and through non-Illinois actors and locations.

Moreover, Plaintiffs' Complaint lumps the 47 Spirits Defendants as one, and fails to allege

specific contacts between any specific 47 Spirits entity and conduct purposefully directed to the State of Illinois. Such allegations are thus insufficient to establish personal jurisdiction over the 47 Spirits Entities as a matter of law. *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (In suits brought against multiple defendants, each must be subject to personal jurisdiction based on their own forum contacts). None of those allegations identifies Illinois conduct by any 47 Spirits entity that gives rise to the claims asserted.

Nor may Plaintiffs rely on collective allegations against the 47 Spirits Entities as a group. Personal jurisdiction must be established separately as to each defendant based on that defendant's own forum contacts. *Id*. The Complaint does not distinguish among 47 Spirits LLC, 47 Spirits Holdings LLC, and 47 Spirits Holdings MGR LLC for purposes of any Illinois-directed conduct, nor does it allege that any particular entity formed, negotiated, performed, or committed any suit-related act in Illinois. This kind of undifferentiated group pleading cannot satisfy Plaintiffs' burden to establish specific jurisdiction over each nonresident entity.

### 3. Plaintiffs do not Allege That Their Claims Arise Out of or Relate to Defendant-Created Illinois contacts.

The "arise out of or relate to" requirement is claim-specific and defendant-specific. *Livingston*, 293 F. Supp. 3d at 768. It demands a meaningful connection between the plaintiff's claims and the defendant's own contacts with the forum; it is not satisfied merely because a plaintiff resides in Illinois, allegedly felt injury in Illinois, or communicated from Illinois. *Id*. Here, Plaintiffs allege no Illinois-focused negotiations, no Illinois agreement with any Moving Defendant, no Illinois performance, and no Illinois act by any Moving Defendant that forms the basis of the asserted claims. The claims for alleged trade secret misappropriation, copyright infringement, interference, fraud, and contract-related relief are predicated on the alleged use of information to secure a license outside Illinois, form Delaware entities, and launch a national

product from outside Illinois. Those alleged acts do not arise out of or relate to Illinois contacts by any Moving Defendant.

### 4. Nationwide online sales and incidental Illinois availability do not establish specific jurisdiction for these claims.

Plaintiffs' reliance on alleged nationwide online sales and some Illinois retail availability does not cure this jurisdictional defect. The Complaint alleges, at most, that Trump Vodka is available in stores in multiple states including Illinois and may be shipped across the United States. Such generalized, non-forum-targeted online availability and diffuse national distribution, untethered to the alleged misappropriation and interference theory, do not create a basis for claim-specific jurisdiction over the individuals or non-Illinois LLCs. The Seventh Circuit has rejected precisely this kind of jurisdictional theory. *See, e.g.*, *Advanced Tactical*, 751 F.3d at 801 ("While it is true that Real Action fulfilled a few orders after putting the allegedly infringing message on its website and in emails, Advanced Tactical provides no evidence that those sales had any connection with this litigation…Not only did Advanced Tactical fail to link the few sales to Real Action's litigation-specific activity, but even if it did, it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper…To hold otherwise would mean that a plaintiff could bring suit in literally any state where a defendant shipped at least one item."). The same reasoning applies here. Generalized online availability and incidental Illinois distribution cannot transform a dispute centered outside Illinois into one that arises from Illinois contacts. Because Plaintiffs do not connect any Illinois sale or shipment to the alleged misappropriation, interference, fraud, or contract-related conduct, nationwide sales allegations do not support specific jurisdiction over any Moving Defendant.

Taken together, these allegations demonstrate a dispositive jurisdictional gap. Plaintiffs do not plead defendant-specific Illinois conduct, do not connect any Illinois contact to the claims

asserted, and do not allege forum-directed commercial activity sufficient to transform national distribution into Illinois-specific jurisdiction. The same deficiencies that defeat purposeful availment and the "arise-out-of-or-relate-to requirement" also confirm that exercising jurisdiction here would be unfair and unreasonable.

### C. Exercising Jurisdiction over Moving Defendants would Offend Traditional Notions of Fair Play and Substantial Justice.

Even if Plaintiffs could establish the threshold requirements for specific jurisdiction—they cannot—the exercise of jurisdiction over Mr. Patel and the 47 Spirits Entities would still be constitutionally unreasonable. *Asahi*, 480 U.S. at 113. The fairness inquiry confirms why Illinois is not an appropriate forum. Mr. Patel is alleged to reside in Florida; the 47 Spirits Entities are Delaware limited liability companies operated from Mississippi; Plaintiff 45 Spirits is alleged to be a Delaware limited liability company with its principal place of business in New York; Plaintiff DeCicco is alleged to reside in Florida; and the alleged conduct concerns non-Illinois negotiations, entity formation, licensing activity, and business dealings with the Trump Organization in New York and Florida. Those facts establish that the burden on the Moving Defendants would be substantial, while Illinois's interest in adjudicating this dispute is minimal and derivative of only one plaintiff's alleged residence. Plaintiffs' interest in relief can be fully vindicated in a forum with a genuine connection to the parties and alleged conduct, and the interstate judicial system's interest in efficient resolution likewise favors a forum where the material events, witnesses, and records are more closely centered. Accordingly, exercising personal jurisdiction over the Moving Defendants in Illinois would offend traditional notions of fair play and substantial justice, *i.e.* it would be inconsistent with due process. *Id*.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Complaint must be dismissed.

Date: June 25, 2026

Respectfully submitted,

*/s/ Marnie A. Holz*

Marnie A. Holz (ARDC No. 6309264)
Greenspoon Marder LLP
227 W. Monroe St., Ste 3950
Chicago, Illinois 60606
Tel: 773-395-1623
Email: marnie.holz@gmlaw.com

*Counsel for Defendants Sameet Patel, 47 Spirits LLC, 47 Spirits Holdings LLC and 47 Spirits Holdings MGR LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on June 25, 2026, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the Defendants' Sameet Patel, 47 Spirits LLC, 47 Spirits Holdings LLC, and 47 Spirits Holdings MGR, LLC Memorandum of Law in Support of their Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

*/s/ Marnie A. Holz*
Marnie A. Holz